UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 10-2030

LESIA MCCOLLOUGH,

Plaintiff - Appellant,

v.

THE TOWN OF SOUTHERN PINES; JOHN LETTENEY, in his official
capacity as Chief of Police and in his individual capacity,

Defendants - Appellees,

and

REAGAN PARSONS, in his official capacity as Town Manager and
in his individual capacity,

Defendant.

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  William L. Osteen,
Jr., District Judge.  (1:09-cv-00192-WO-WWD)

Submitted:  June 28, 2011                Decided:  July 19, 2011

Before SHEDD, DUNCAN, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Stephen A. Boyce, STEPHEN A. BOYCE, ATTORNEY AT LAW, Greensboro,
North Carolina, for Appellant.  M. Robin Davis, JACKSON LEWIS
L.L.P., Cary, North Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lesia McCollough appeals the district court's order granting summary judgment for Defendants, The Town of Southern Pines and Chief of Police John Letteney, and dismissing her employment discrimination action. On appeal, McCollough argues that she established a prima facie case of discrimination, specifically disparate disciplinary treatment based on sex, and that Chief Letteney is not entitled to qualified immunity on her 42 U.S.C. § 1983 (2006) equal protection claim.[1] Finding no error, we affirm.

We review a district court's grant of summary judgment de novo, "viewing the facts and the reasonable inferences drawn therefrom in the light most favorable to the nonmoving party." Emmett v. Johnson, 532 F.3d 291, 297 (4th Cir. 2008); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). If the moving party sufficiently supports its motion for

---

[1] McCollough has forfeited appellate review of her remaining claims by failing to raise them in her opening brief. See Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999). To the extent she seeks to raise a claim of constructive discharge for the first time on appeal, that claim is not properly before us. See Muth v. United States, 1 F.3d 246, 250 (4th Cir. 1993).

summary judgment, the nonmoving party must demonstrate that there are genuine issues of material fact.  Emmett, 532 F.3d at 297.

Title VII of the Civil Rights Act of 1964, as amended, prohibits "discriminat[ion] against any individual with respect to h[er] compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex." 42 U.S.C.A. § 2000e-2(a)(1) (West 2003).  Where there is no direct evidence of discrimination, "a plaintiff may proceed under the McDonnell Douglas[2] 'pretext' framework, under which the employee, after establishing a prima facie case of discrimination, demonstrates that the employer's proffered permissible reason for taking an adverse employment action is actually a pretext for discrimination."  Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 318 (4th Cir. 2005) (internal quotation marks and brackets omitted).  It is well established that, even under the McDonnell Douglas burden-shifting scheme, the ultimate burden of persuasion remains on the plaintiff at all times. Tex. Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 253 (1981).

Our review of the record leads us to conclude that McCollough failed to establish a prima facie case that

---

[2] McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).

Defendants discriminated against her on the basis of sex where none of the male comparators had engaged in similar or more serious misconduct. See Cook v. CSX Transp. Corp., 988 F.2d 507, 511 (4th Cir. 1993) (discussing prima facie case of discriminatory discipline). Likewise, we conclude that McCollough has failed to demonstrate a prima facie case with respect to her § 1983 claim against Chief Letteney. See Holder v. City of Raleigh, 867 F.2d 823, 828 (4th Cir. 1989) ("Our analysis with respect to Title VII also governs plaintiff's claims under . . . [§] 1983."). Because McCollough has not asserted a viable constitutional claim against Chief Letteney, we have no occasion to consider whether he is entitled to assert qualified immunity as a defense. See Wilson v. Layne, 526 U.S. 603, 609 (1999) ("A court evaluating a claim of qualified immunity must first determine whether the plaintiff has alleged the deprivation of an actual constitutional right at all, and if so, proceed to determine whether that right was clearly established at the time of the alleged violation.") (internal quotation marks omitted).

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

before the court and argument would not aid the decisional process.

AFFIRMED